Swing, J.
A reversal of the judgment of the court of common pleas is sought in this case on the ground that the court erred in its charge to the jury.
*123 On the thirty-first day of July, 1891, the City of Cincinnati, through its Board of Legislation, passed an ordinance declaring its intention to condemn and appropriate certain property for the purpose of extending and opening St. James avenue, the costs and expenses of the same to be assessed on abutting property by the front foot. And the corporation counsel was by the same instructed to institute proceedings for an inquiry and assessment for compensation to be paid for such property. This ordinance was approved by the mayor on August 1, 1891.
On November f, 1892, an application was made, under section 2236, Rev. Stat., in the court of common pleas, to have an assessment for compensation for the lands proposed to be taken.
On May 17, 1893, trial was commenced under said proceedings, and the jury returned its verdict on the following day.
The court charged the jury that the value of the property was to be ascertained as of the day when the ordinance became a law, viz., as of the first day of August, 1891.
The defendants claimed it was to be the value of the land at the date of the filing of the application to assess, or else ol the day when the jury made the assessment.
The evidence showed that there was a difference in the value of the property between said dates, it being more valuable at the time when the ordinance was passed.
We think there was error in the charge of the court; and that the time when the property should be valued is the time when the jury are considering the case. We are unable to find any provision of the statute which fixes the time at which property so taken shall be valued.
It is claimed that the taking of the property, however, is ot the date of the passage of the ordinance, and therefore the value must be ascertained as of that date for that reason. If it be true that the property is to be considered as being taken as of that date, we think it would necessarily follow that the value would be what it was at that time. But it seems to us *124 that so far as the property owner is concerned, at least, the mere passage of an ordinance declaring the intention of the city to improve, can not be considered as a taking of the property. The city by that act alone gets no right to the property, and it incurs no obligation to the property holder. The constitution says, private property should ever be held inviolate, and except under certain exigencies, when taken by the public, compensation must first be made in money. Sec. 19, art. 1.
' Admitting that it may be taken at any time by the public for roads without first paying money, it seems to us clear that it can not be taken without at least incurring the obligation to pay in money to the owner its value at the time taken, so that if the property is to be considered taken at the time of the passage of the ordinance, it would be a final act as far as the city'and the owners were concerned, not only as to the taking, but also as to its value, and the property owner would have the right to recover the value of his property as of that date. But we are unable to find any such purpose in the provision of the statutes. Section 2235 provides that council may declare its intention to appropriate; then follow other sections setting forth in which way the appropriation may be made, which requires proceedings in court; section 2241 provides that the inquiry and assessment shall be made at the time appointed, and section 2242 provides that a view of the premises shall be ordered if desired by either party or by the jury, and section 2245 provides that when the property to be appropriated is covered by buildings, the land and buildings shall be separately assessed, and the owner may, under certain circumstances, remove the buildings; all of these sections, it seems to us, pointing to the fact that the condition and value of the property at the time the jury are considering the case, is the thing to be inquired into by the jury — not what it was as in this case two years before, or what it might be in other cases ten or twenty years before.
The fact that the statute provides that even after the ver *125 diet of the jury and the judgment of the court, the city may have six months after the assessment in which they may either take or neglect to take the property, can not be considered as showing that the date of the ordinance is to be considered as the day when the property is considered taken. Ot necessity the jury could not consider the value or condition of the property as of a date later than the time when they are considering their verdict. So that it may be that through this provision of the statute the owner will not receive the value of his property as it actually is at the time of the actual taking. This is brought about by this peculiar provision of the statute, which gives this six months’ grace to the corporation making the appropriation.
Taking all of the provisions of this chapter (chap. 3), commencing with section 2232 and ending with section 2261, it has due regard to section 19, article 1, of the constitution, and does not attempt to appropriate private property to public use without first having ascertained by a verdict of a jury the value of the property, and then providing for the payment, or securing to be paid to the property owner, the amount of the verdict; and then having done this, it provides how the possession of the property may be taken from the owner and transferred to the corporation.
As we read the statute, section 2315 to section 2321 of chapter 4 does not apply to a taking of property for the purposes of laying out or extending streets, but does expressly apply to damages to abutting property on a proposed improvement, and its provisions throw no light on the question involved here.
It seems to us that there is a marked distinction between tbe question raised here and the one decided in the 46 Ohio St., p. 296. It is reasonable and just that the lawT should be as the Supreme Court say it is in that case. It certainly would lead to confusion if, after an ordinance had been passed, declaring for an improvement under the laws in force at that time, that subsequent laws might change or modify material *126 provisions in regard to the same — provisions which, if they had been in existence at the time of the passage of the ordinance, would have prevented the city from passing the ordinance ; besides this, it has always been contrary to the policy of our law that pending actions or proceedings should in any way be affected by a change in the law.
Wright & Wright, for plaintiffs in error.
W. H. Whittaker, for City of Cincinnati.
This reason can have no force when applied to this question. We think it true that to some extent the passage of the ordinance may affect the property owner. • He would not-be allowed compensation, probably, if, with notice of the intent of the city to improve, he unreasonably and in haste placed improvements on the property desired to be taken in order to work a wrong against the corporation; but this would fall under another principle of the law. But as we think, there is not only no provision of the statute which points out the date of the ordinance as the time when the property is to be considered as taken, but that the provisions, taken all together, indicate that the time is to be considered as of the time when the jury are viewing the premises and considering the verdict. Such time, it seems to us, would be reasonable and just to both the corporation and the owner.
It would not be right for the corporation to pass an ordinance of this kind and then wait for a considerable length of time, and after the property of the owner had enhanced greatly in value, to take it and pay the value as it was at the time of the passage of the ordinance, when at the same time they were under obligation to the property owner to take his property. Neither would it be just to the city that it should pay the value to the owner as of that time, when at the time of the actual takjng, valuable improvements had been removed, or the property from any other cause greatly depreciated in value. ■
The judgment will be reversed and remanded.